IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CURLEY HOWSE #91611, | ) |
|     Petitioner, | ) ) |
| v. | ) NO. 3:22-cv-00105 ) |
| GRADY PERRY, Warden, | ) JUDGE RICHARDSON ) |
|     Respondent. | ) ) |

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

Petitioner Curley Howse, a state prisoner, filed a pro se petition for a writ of habeas corpus[1] (Doc. Nos. 1, 1-1) and a motion for an emergency hearing, appointment of counsel, and immediate release. (Doc. No. 2.) The Petition was disorganized and difficult to comprehend, and Petitioner did not pay the filing fee. The Court therefore granted Petitioner 30 days to file an optional amended petition and resolve the filing fee. (Doc. No. 6.) Petitioner has now paid the fee (Doc. No. 10) and filed two motions: a motion to amend and clarify the original petition (Doc. No. 7), and another motion for an emergency hearing, appointment of counsel, and immediate release. (Doc. No. 8.) Petitioner requests that the Court consider the allegations in these two motions together, along with the two grounds for relief previously identified by the Court. (*See* Doc. No. 8 at 20.) The motion to amend and clarify (Doc. No. 7) is **GRANTED**, and the Court will conduct a preliminary review of Petitioner's motions (Doc. Nos. 7, 8) and the two original grounds for

---

[1] Petitioner references 28 U.S.C. § 2241 (*see* Doc. No. 1; Doc. No. 8 at 10), but as the Court previously explained (*see* Doc. No. 6 at 2–3 n.2), the Court construes this action as being brought under Section 2254 because Petitioner is "in custody pursuant to the judgment of a State court." *See Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, at *1 (6th Cir. Dec. 11, 2020) (collecting cases for the proposition that Section 2254 is "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody"). In any event, that distinction has no impact on the Court's preliminary review.

relief. *See* Habeas Rule 4. And as explained below, Petitioner must follow the instructions at the end of this Order to show cause in writing why this action should not be dismissed.

I.  **Background**

"In 1981, a Tennessee jury convicted [Petitioner] of one count of aggravated rape and two counts of sexual battery. He was sentenced to life imprisonment for the rape and to consecutive terms of thirty-five years for each of his other convictions." *In re: Curley Howse*, No. 13-6321, Doc. No. 18-2 at 1 (6th Cir. May 16, 2014) (denying permission to file second or successive habeas petition). Petitioner alleges that a case manager recently told him that he completed the required service of his sentences in 2020. (Doc. No. 7 at 1–2, 4–5.) Meanwhile, in August 2011, Sergeant Mitchell—the chair of the prison disciplinary board—issued Petitioner a disciplinary conviction for violating state law by refusing to sign a sex offender registration form.[2] (Doc. No. 7 at 1; Doc. No. 8 at 1–4.) This resulted in a loss of 180 days of sentence credits. (Doc. No. 8 at 1.) Petitioner asserts that this disciplinary conviction is unconstitutional because Mitchell falsified documents and because recent federal court rulings dictate that Petitioner should not be included on the sex offender registry. (Doc. No. 7 at 1; Doc. No. 8 at 1, 6.)

Petitioner challenges the three state actions: (1) penalizing him with the loss of 180 days of sentence credits based on the August 2011 disciplinary conviction (Doc. No. 6 at 2; Doc. No. 7 at 1); (2) causing the loss of 300 additional days of sentence credits (Doc. No. 6 at 2; Doc. No. 7 at 1); and (3) keeping him incarcerated after the completion of his sentences. (Doc. No. 7 at 4.) Petitioner requests dismissal of the August 2011 disciplinary conviction, immediate release, and removal of his name from the sex offender registry. (Doc. No. 8 at 1, 10, 12.)

---

[2] The documentation for this incident references a provision of the Tennessee Sexual Offender and Violent Sexual Offender Registration Verification and Tracking Act of 2004 requiring individuals confined in prisons to "report in person, register, complete and sign a TBI registration form . . . with the warden or the warden's designee." *See* Tenn. Code Ann. § 40-39-203(B)(3)(A); (*see* Doc. No. 8 at 4.)

## II. Analysis

The Court must summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4; *see also Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)). A petition meets this standard "when it raises 'legally frivolous claims' or 'factual allegations that are palpably incredible or false.'" *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021) (citations omitted).

### A. Challenges to the Calculation of Petitioner's Sentence

A state prisoner must exhaust available state court remedies prior to obtaining habeas corpus relief in federal court. 28 U.S.C. § 2254(b)(1); *see also Phillips v. Ct. of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 810 & n.4 (6th Cir. 2012) (citations omitted) (noting that, under both Section 2241 and 2254, "[h]abeas petitioners must exhaust all available state court remedies before proceeding in federal court"). A petition is subject to sua sponte dismissal "where lack of exhaustion is apparent from the face of the pleading." *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)).

Here, it appears that Petitioner has not exhausted available state court remedies for his claims challenging the loss of sentence credits and the calculation of his sentence expiration or release eligibility date. To exhaust a challenge to the loss of post-judgment sentence reduction credits, a sentence expiration date, or a release eligibility date, a state prisoner "must follow the procedures of the Uniform Administrative Procedures Act (UAPA)." *Murphy v. Dep't of Corr.*, No. 3:19-CV-00487, 2019 WL 4167343, at *2 (M.D. Tenn. Sept. 3, 2019) (citations omitted). "[U]nder the UAPA, a petitioner first must seek a declaratory order regarding the sentence

3

calculation from [the Tennessee Department of Correction (TDOC)]." *Id.* (citing *Stewart v. Schofield*, 368 S.W.3d 457, 464 (Tenn. 2012); *Bonner v. Tenn. Dep't of Corr.*, 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001)). "If TDOC refuses to issue a declaratory order, the petitioner may seek judicial review by seeking a declaratory judgment in the chancery court and may appeal the chancery court's adverse decision to the Tennessee Court of Appeals." *Id.* (citing *Stewart*, 368 S.W.3d at 464; *Bonner*, 84 S.W.3d at 578).

Petitioner gives no indication that he followed the procedures required by the UAPA. That is, Petitioner does not allege or provide documentation suggesting that he sought a declaratory order regarding his sentence calculation from TDOC. Likewise, Petitioner does not demonstrate that the TDOC refused to issue a declaratory order, or that he sought judicial review of this refusal in the appropriate state courts. Accordingly, Petitioner's challenges to the calculation of his sentence appear to be subject to dismissal without prejudice for failure to exhaust available state court remedies, in order for Petitioner to follow the procedures of the UAPA before returning to federal court.

### B.     Challenges to August 2011 Disciplinary Conviction

"[A] federal court may not review federal claims that were procedurally defaulted in state court." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). A claim may be "technically exhausted, yet procedurally defaulted" where "a petitioner fails to present a claim in state court, but that remedy is no longer available to him." *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015) (citing *Jones v. Bagley*, 696 F.3d 475, 483–84 (6th Cir. 2012)). "District courts may raise procedural default issues sua sponte," *Brigner v. Warden, Chillicothe Corr. Inst.*, No. 19-3602, 2019 WL 9107282, at *2 (6th Cir. Oct. 24, 2019) (citing *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000); *Day v. McDonough*, 547 U.S. 198, 209 (2006)), as long as the petitioner has "an opportunity to

respond." *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005) (citing *Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002)).

Here, it appears that Petitioner's claims challenging the August 2011 disciplinary conviction are procedurally defaulted. A Tennessee prisoner may file a common-law writ of certiorari to obtain "a determination as to whether a prison disciplinary board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily." *Norton v. Lewis*, No. 2:05-CV-91, 2005 WL 1703159, at *2 (E.D. Tenn. July 20, 2005) (citing *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003)). A petition for a common law writ of certiorari "must be filed within sixty days of the challenged action." *Braden v. Tenn. Dep't of Corr.*, No. M2010-01645-COA-R3CV, 2011 WL 1816722, at *1 (Tenn. Ct. App. Apr. 25, 2011) (footnote omitted) (quoting *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998)). "Failure to file within the statutory time limit deprives the court of subject matter jurisdiction." *Id.* (quoting *Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 379 (Tenn. Ct. App. 2003)).

There is no indication in Petitioner's submissions that he brought a petition for common law writ of certiorari to challenge the August 2011 disciplinary conviction. Because the time for Petitioner to do so has long since passed, that remedy is no longer available. Accordingly, it appears that Petitioner has procedurally defaulted claims that the August 2011 disciplinary conviction was issued without jurisdiction or the product of illegal, fraudulent, or arbitrary action.

To obtain review of a procedurally defaulted claim, a petitioner must "establish 'cause' and 'prejudice,' or a 'manifest miscarriage of justice.'" *Middlebrooks v. Carpenter*, 843 F.3d 1127, 1134 (6th Cir. 2016) (citing *Sutton v. Carpenter*, 745 F.3d 787, 790–91 (6th Cir. 2014)). "Cause exists when 'something external to the petitioner, something that cannot fairly be attributed to him, . . . impeded his efforts to comply with the State's procedural rule.'" *Young v. Westbrooks*, 702 F.

5

Case 3:22-cv-00105   Document 11   Filed 04/07/22   Page 5 of 8 PageID #: 157

App'x 255, 259 (6th Cir. 2017) (quoting *Maples v. Thomas*, 565 U.S. 266, 280 (2012)). Actual prejudice requires a showing that that "the outcome [of the proceeding] would have been different" in the absence of the asserted constitutional violation, "regardless of the nature of the underlying constitutional claim." *Kennedy v. Mackie*, 639 F. App'x 285, 295 (6th Cir. 2016) (quoting *Jones v. Bell*, 801 F.3d 556, 564 (6th Cir. 2015)). And the miscarriage-of-justice exception applies only "when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

Petitioner alleges that he received a disciplinary conviction in August 2011 for violating state law by refusing to sign a sex offender registration form. Petitioner seems to argue that he is actually innocent of this offense because of federal court rulings in 2021 that removed certain individuals from Tennessee's sex offender registry. (*See* Doc. No. 8 at 11–13.) The Court may consider "actual innocence claims based upon a claim of legal innocence occasioned by an intervening change in law." *Phillips v. United States*, 734 F.3d 573, 581 (6th Cir. 2013) (footnote omitted) (citing *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)). Petitioner, however, does not identify any specific legal authority establishing his legal innocence. Instead, Petitioner relies on an attached news story referencing a lawsuit "filed by two anonymous sex offenders, John Doe #1, and John Doe #2." (Doc. No. 8 at 13.) The Court takes judicial notice that this news story appears to refer to two federal district court resolved by the undersigned. *See Doe #1 v. Lee*, Nos. 3:16-cv-02862, 3:17-cv-00264, 2021 WL 1264433 (M.D. Tenn. Apr. 5, 2021). But these district court cases do not establish Petitioner's legal innocence for at least two readily apparent reasons.

First, the Court must rely on binding holdings from the Court of Appeals or the Supreme Court when deciding an actual innocence claim based upon a claim of legal innocence. *See*

6

Case 3:22-cv-00105   Document 11   Filed 04/07/22   Page 6 of 8 PageID #: 158

*Phillips*, 734 F.3d at 585 ("Phillips has failed to identify a binding holding of the Supreme Court or Sixth Circuit . . . , a necessary component of his entitlement to seek an actual innocence equitable exception."). Second, the two cases referenced by Petitioner involved successful "as-applied" claims and unsuccessful facial claims. *See Doe #1 v. Lee*, 518 F. Supp. 3d 1157, 1219 (M.D. Tenn. 2021). An as-applied challenge contends that application of a statute is unconstitutional "in the particular context in which [a plaintiff] has acted, or in which he proposes to act." *Id.* at 1179 (quoting *Women's Med. Prof'l Corp. v. Voinovich*, 130 F.3d 187, 193 (6th Cir. 1997)). Therefore, the relief granted to the plaintiffs in the referenced cases necessarily applies to the plaintiffs in those cases alone. *See Doe #1*, 2021 WL 1264433, at *2 ("[T]he Court finds that it is appropriate to enjoin the entirety of SORA, albeit only as it applies to Plaintiffs.").

Accordingly, Petitioner has not established that he is actually innocent of the August 2011 disciplinary conviction. Petitioner also does not make any allegations of cause and/or prejudice to excuse the procedural default. It therefore appears that Petitioner's claims challenging the August 2011 disciplinary conviction are subject to dismissal with prejudice.

### III. Instructions to Petitioner

For these reasons, it appears that Petitioner's claims should be dismissed. However, the Court will allow Petitioner an opportunity to respond to the Court's analysis. To avoid dismissal of this action, Petitioner **MUST SHOW CAUSE** in writing why the Petition should not be dismissed for the reasons explained above. Petitioner's response **MUST** be received in this Court within **30 DAYS** of the date this Order is entered on the docket, and it must include the assigned case number, **3:22-cv-00105**.

7

Petitioner is warned that failure to submit a written response or request an extension of time by the deadline will result in dismissal of this action. The pending motions are held in abeyance pending completion of preliminary review.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE