IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CURLEY HOWSE #91611, | ) |
| Petitioner, | ) |
| | ) NO. 3:22-cv-00105 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| GRADY PERRY, Warden, | ) |
| Respondent. | ) |

## **ORDER**

Petitioner Curley Howse, a state prisoner, filed a pro se petition for a writ of habeas corpus. The Court gave him an opportunity to file an amended petition, and Petitioner clarified that he is challenging two different state actions: the calculation of his sentence, and the imposition of a prison disciplinary conviction in August 2011. (Doc. No. 11 at 1–2.) On April 7, 2022, the Court entered a Memorandum Opinion and Order to Show Cause concluding that Petitioner's sentence-calculation claims appeared to be subject to dismissal without prejudice for failure to exhaust available state court remedies, and that his challenges to the disciplinary conviction appeared to be subject to dismissal with prejudice as procedurally defaulted. (*Id.* at 3–7.) The Court ordered Petitioner to show cause why this action should not be dismissed on these bases. (*Id.* at 7.) Petitioner has filed a Response (Doc. No. 12), and the issues raised by the Court are ripe for review. *See Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (district court may raise exhaustion sua sponte); *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005) (same for procedural default, where petitioner has opportunity to respond).

In Petitioner's Response, he does not contest the Court's conclusion regarding his sentence-calculation claims. (Doc. No. 12 at 1.) And Petitioner does not dispute that his challenges to the

August 2011 disciplinary conviction are procedurally defaulted. Petitioner argues, however, that the Court should disregard this default due to the "actual innocence" equitable exception.

"[A] prisoner whose claim may otherwise be barred by various federal or state procedural rules 'may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence.'" *Penney v. United States*, 870 F.3d 459, 462 (6th Cir. 2017) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). The "threshold inquiry" for this exception "is whether 'new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the'" proceeding. *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 317 (1995)). "[T]he actual innocence exception should 'remain rare' and 'only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup*, 513 at 321).

Petitioner has not shown that the exception applies here. "In 1981, a Tennessee jury convicted [Petitioner] of one count of aggravated rape and two counts of sexual battery." *In re: Curley Howse*, No. 13-6321, Doc. No. 18-2 at 1 (6th Cir. May 16, 2014). Petitioner received the August 2011 prison disciplinary conviction for violating state law by refusing to sign a sex offender registration form. In claiming that he is actually innocent of this disciplinary conviction, Petitioner, in substance, attempts to relitigate the underlying conviction that obligated him to register in the first place. (Doc. No. 12 at 3–6, 7–9, 11–13, 24 (citing medical records relating to his underlying criminal case); *id.* at 4–6, 24–25, 28–33 (citing favorable comments on a June 2021 offender risk assessment); *id.* at 13–14, 18, 28 (noting trial-related testimony); *id.* at 17–22 (referencing the racial composition of the jury that convicted him and previous requests for trial-related discovery and transcripts); *id.* at 22 (arguing that his attorney did not allow him to petition the Supreme Court for review on direct appeal).) But Petitioner did not receive a disciplinary conviction from prison officials in August 2011 just because a jury found him guilty in 1981. The

predicate act for this disciplinary conviction, rather, is Petitioner's refusal to sign a form—here, the sex offender registration form. The fact of Petitioner's refusal to sign this form does not depend on the validity of his underlying convictions.[1] Accordingly, based on the arguments and exhibits before the Court, Petitioner cannot rely on the actual innocence exception to obtain review of his procedurally defaulted challenges to the August 2011 disciplinary conviction.

For these reasons, and the reasons stated in the Court's previous Memorandum Opinion (Doc. No. 11), Petitioner's request for habeas corpus relief is **DENIED**, and this action is **DISMISSED**. Petitioner's sentence-calculation claims are **DISMISSED WITHOUT PREJUDICE**, and his challenges to the August 2011 disciplinary conviction are **DISMISSED WITH PREJUDICE**. Petitioner's pending motions (Doc. Nos. 2, 8) are **DENIED AS MOOT**.

Because this is a final order adverse to Petitioner, the Court must "issue or deny a certificate of appealability" (COA). Habeas Rule 11(a). A COA may issue only if Petitioner "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is denied on procedural grounds, Petitioner "must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not met this standard, so the Court

---

[1] Petitioner has already brought several unsuccessful challenges to his underlying convictions in state and federal court. *See In re: Curley Howse*, No. 13-6321, Doc. No. 18-2 at 1–4 (reflecting that Petitioner pursued a direct appeal, state post-conviction relief, federal habeas relief, state post-conviction remedies under the DNA Analysis Act of 2001, and two applications for permission to file a second or successive federal habeas petition from the Sixth Circuit Court of Appeals). If Petitioner wants to use a federal habeas petition to challenge his underlying convictions, therefore, he must first request and receive permission from the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A).

**DENIES** a COA. Petitioner may, however, seek a COA directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE